OHIO WATER SERVICE COMPANY, Petition, In re.

Public Utilities Commission.

No. 27661.   Decided February 10, 1959.

Dunbar, Dunbar & Kienzle, By Frank C. Dunbar, Jr., for the Petitioner, Ohio Water Service Company.

Harold D. Parker, Theodore Macieko, Solicitor, for the City of Struthers, Ohio.

William Saxbe, Atty. Genl., By James F. DeLeone, Asst. Atty. Genl., and Commission Counsel, for The Public Utilities Commission of Ohio.

## FINDING AND ORDER

The Commission, coming now to consider the above-entitled matter, its Orders and Entries previously issued in connection therewith, the testimony adduced at the public hearings relative to this matter held on September 17, 1958, November 6, 1958, and November 7, 1958, the exhibits and the reports introduced at the hearings, and being fully advised in the premises hereby renders its Findings and Order in compliance with §4903.09 R. C.

**HISTORY OF PROCEEDINGS:**

| | |
|---|---|
| March 18, 1958 | Petition filed. |
| September 8, 1958 | Report of the Engineering and Accounting Staff filed. |
| September 17, 1958 | Matter came on for public hearing but not completed. |
| September 29, 1958 | Answer and Objections to Engineering and Accounting Reports filed by City of Struthers. |
| October 6, 1958 | Motion to strike the Answer of the City of Struthers was filed by the Petitioner. |
| November 5, 1958 | Order issued by Commission denying requests in Answer filed by City of Struthers. |
| November 6 & 7, 1958 | Continuation and completion of public hearings in the matter. |

**DISCUSSION:**

### 1. Rate Base

The Commission's Engineering Staff's independent investigation disclosed recommended Findings of the Petitioner's statutory rate base valuation to be $2,147,816.23 as of December 31, 1957, the date certain herein. The recommended findings, predicated upon the Engineering Staff's field analysis and other studies, estimate the Reproduction Cost New (R. C. N.) of the Petitioner's plant and property to be $2,457,371.44 as the date certain and the statutory or existing depreciation to aggregate 13.186% or $324,039.21 upon that estimated R. C. N. valuation. With the proposed inclusion of an allowance of $14,484.00 for materials and supplies, the Engineering Staff's recommended estimated statutory rate base valuation of the Petitioner's utility plant allocable to the City of Struthers as of December 31, 1957, may be summarized as follows:

| | |
|---|---|
| Reproduction Cost New | $2,457,371.44 |
| Less Existing Depreciation (13.186%) | 324,039.21 |
| | |
| Reproduction Cost New Less Depreciation | $2,133,332.25 |

| | |
|---|---:|
| **Plus** Materials and Supplies | 14,484.00 |
| Total Statutory Rate Base Valuation | $2,147,816.23 |

The Petitioner offered evidence with respect to cash working capital requirements, its Exhibit D proposing that $21,472.00 is the amount necessary for such working capital. However, by reason of enhanced gross annual revenues authorized herein, the funds to be maintained by the Petitioner for Federal Income Tax, Property Taxes, Gross receipts Tax, and other like taxes and reserves would more than offset the above-claimed working capital requirements, thereby precluding the inclusion within the rate base of allowance for cash working capital. See **City of Cincinnati v. Public Utilities Commission of Ohio, 161 Oh St 395.**

In light of the foregoing and the evidence adduced upon the record in this proceeding the Commission finds, therefore, that the Statutory Rate Base valuation of Petitioner's plant and property allocable to the City of Struthers is $2,147,816.23.

### 2. Fair Rate of Return and Dollar Annual Return

Review and analyzation of the record herein and data in the file of this proceeding would appear to manifest a rate of return in the area of 3.00% on the statutory rate base valuation above ascertained. The precise percentage which represents a fair annual rate of return on the property used and useful in rendering the proposed utility service must necessarily be determined regulatorily, among other considerations, in light of the character of the utility involved, its capital ratios and costs, the income required by the utility to meet its fixed charges, including payment of dividends and reasonable reservations for earned surplus. See §4909.39 **R. C.** It is incumbent upon this Commission in the exercise of its legislative rate making functions and the regulatory discretion incident thereto, that it not authorize a rate of return which would afford a utility annual revenues in excess of that amount, quantitatively and qualitatively, which it requires by reason of the afore-delineated considerations. See **City of Cleveland v. Public Utilities Commission, 164 Oh St 442.**

With due regard to the value of the property of this utility used and useful in rendering water service to the City of Struthers, this Commission is of the opinion, and so finds, that a rate of return of 2.83% on the statutory rate base valuation is not unjust or unreasonable under the facts peculiar to this proceeding and will afford a yearly reasonable compensation for the service rendered. This percentage return, it is to be noted, approximates the mid-point of the zone of reasonableness to which the City's opinion witness testified. Moreover, the dollar annual return to be realized therefrom by the Petitioners in the amount of $60,826.11 accords with the computed return which would accrue to this utility from the suggested schedules of rates filed and submitted by it in this proceeding. Accordingly, the Commission finds further that the annual return or "dollar annual return" to which this Petitioner is entitled, by applying the above-determined rate of return percentage

against the dollar amount of the statutory rate base valuation ascertained herein, approximates $60,826.11.

### 3. Allowable Expenses

The annual operating expenses of this Petitioner, other than depreciation accruals, taxes and rate case expenses, aggregated $86,393.50 according to the recommended findings of the Commission's Accounting Staff arising from its auditing examination of the Petitioner's books and records.

Editorial review indicates that the Commission should make three adjustments in the items of expense of this Petitioner for purposes of this proceeding. The Company claims an amount of $13,600.51 for Special Legal Expenses, of which $2,485.33 is directly allocable to the City of Struthers for items such as labor negotiations, surveys, etc. The residual sum of $11,115.18 purportedly represents an allocation to the City of Struthers of special legal expense in connection with a litigated civil case involving the Mahoning Valley Sanitary District. The Commission is of the opinion, and so finds herein, that the record fails to substantiate Petitioner's contention for the inclusion of this latter amount of $11,115.18 in the allowable operating expenses of this utility for purposes of this rate matter because it appears to be in the nature of a non-recurring expense item and the efficacy of such litigation or the relationship thereof with the Struthers plant is not manifested upon the record.

The Commission concludes, therefore, and accordingly finds, in connection with this item of expense, that the $2,485.33 would be more appropriately amortized over a fire year rather than a two year period by reason of the nature thereof and, therefore, includes this amount in the operating expenses of the Petitioner for such Special Legal and other Expenses rather than the $13,600.51 heretofore claimed.

The second adjustment made by the Commission is with respect to the estimated expense incurred by this utility in connection with the relocation of certain of its facilities pursuant to public authority by reason of the relocating of State Routes 616 and 90. Likewise, in view of the nature of this item of expense, the Commission finds it should be subject to amortization over a five year rather than a two year period. This adjustment effects an additional reduction of $876.60 in the Petitioner's allowable expenses as shown by the report of the Accounting Department in this matter.

The total reduction in the allowable allocable operating expenses of this utility, resulting from these two adjustments, is $13,980.04. Total allowable operating expenses, other than depreciation, taxes and rate case expenses, are found to be $72,413.46.

The third adjustment relates to the recomputation of the Petitioner's Federal Income Tax Liability for purposes of this rate matter. The Commission finds that the proper amount allowable for this expense item is $35,290.18. Such latter tax liability is computed on the basis of the allowable gross annual revenues specified below and taxable deductions of $137,417.46, including an interest deduction of $27,440.79. Also included in said income tax recomputation is an allocation of the $25,000.00 surtax exemption in the amount of $1,914.00.

Total allowable expenses, including depreciation, taxes and rate case expense, is found by the Commission to be $145,266.85 computed as follows:

| | |
|---|---|
| Operating Expenses, other than Depreciation, Taxes and rate case expense | $ 72,413.46 |
| Rate Case Expense | 5,000.00 |
| Depreciation | 11,758.01 |
| Taxes, other than Federal Income Tax | 20,805.20 |
| Federal Income Tax | 35,290.18 |
| Total annual allowable expenses | $145,266.85 |

#### 4. Allowable Gross Annual Revenues

The gross annual revenues to be authorized the Petitioner, as pointed out heretofore, should be sufficient to enable this utility to meet all operating expenses including rate case expense, depreciation and taxes, as well as such reasonable compensation requisite to meet the earnings requirements of a comparable company whose value is substantially equivalent to the statutory rate base valuation ascertained in this proceeding. The allowable gross annual revenues, constituting the sum of the allowable expenses and the dollar annual return, may be computed as follows:

| | |
|---|---|
| Allowable expenses | $145,266.85 |
| Return | 60,826.11 |
| Allowable gross revenues | $206,092.96 |

**FINDINGS:**

Based upon the testimony and exhibits of record, the Commission makes the following ultimate findings:

(1) The Petition is filed in conformity with §4909.35 R. C.;

(2) The Commission has jurisdiction of the within matter under §4909.35 R. C.;

(3) The Petitioner's statutory rate base for purposes of this proceeding is $2,147,816.43;

(4) The gross annual revenues of $133,575.86, which this Petitioner receives under existing rates and charges, are insufficient to yield yearly reasonable compensation to this Petitioner as of December 31, 1957, the date certain in this case;

(5) The fair annual rate of return on said statutory rate base, for the purposes of this proceeding, is 2.83%;

(6) The dollar annual return to which this Petitioner is entitled is $60,826.11;

(7) The Petitioner's annual allowable expenses, including depreciation, taxes, and other expenses, are $145,266.85; and,

(8) The allowable gross annual revenues to which this Petitioner is entitled are $206,092.96, which will afford the Petitioner additional gross annual revenues of $72,517.10, the effectuation of which increase in additional revenues will require an increase of approximately 54.3% in the Petitioner's presently authorized rates and charges.

It is, therefore,

ORDERED, That, in accordance with the opinion herein set forth. the Applicant, Ohio Water Service Company, be, and the same hereby is authorized to file with this Commission for its approval adjusted tariff schedules which shall provide said applicant with additional annual gross revenues of approximately $72,517.10. It is further

ORDERED, That the aforesaid tariff schedules shall become effective subsequent to their approval by this Commission or upon subsequent date as this Commission may designate.

THE PUBLIC UTILITIES COMMISSION OF OHIO

Entered in the Commission's Journal  Everett H. Krueger, Jr., Chairman
February 10, 1959  Ralph A. Winter
A true copy:  Edward J. Kenealy
James L. Fullin, Assistant Secretary    Commissioners